UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

PATRICIA MARTINO, et al.,
        Plaintiffs,

  v.                                             Case No. 06C0827

CHEVY CHASE BANK FSB,
        Defendant.

---

JOHN MILES, et al.,
        Plaintiffs,

  v.                                             Case No. 08C0434

CHEVY CHASE BANK FSB,
        Defendant.

---

## DECISION AND ORDER

Plaintiffs in the above captioned cases brought actions under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. As a result of plaintiffs' suits, Capital One N.A., successor by merger to defendant Chevy Chase Bank FSB, agreed to rescind plaintiffs' mortgages. Pursuant to 15 U.S.C. § 1640(a)(3), plaintiffs now move for "costs . . . together with a reasonable attorney's fee."

The starting point for determining a reasonable fee award is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Hensley v. Eckerhardt, 461 U.S. 424, 434 (1983). Multiplication of these two amounts results in a lodestar, which is presumed to be a reasonable fee. City of Burlington v. Dague, 505 U.S. 557, 562 (1992). Plaintiffs state that $350 per hour is a reasonable hourly rate, and

defendant does not disagree. This rate reflects the market rate, and I conclude that it is reasonable.

As for the number of hours to include in the initial fee calculation, I must exclude all hours that plaintiff does not adequately document or that counsel did not reasonably expend on the litigation. Hensley, 461 U.S. at 433-34; Spegon v. Catholic Bishop of Chi., 175 F.3d 544, 550 (7th Cir. 1999). Hours are excessive if they are disproportionate to the number of hours normally associated with the task performed. See 1 Alba Conte, Attorneys Fee Awards § 4:25 (3d ed. 2010). Plaintiffs ask to be compensated for 62.75 hours. Defendant argues that I should reduce this number. Where appropriate, a district court may reduce the number of hours by a lump sum. EEOC v. AIC Investigations, Ltd., 55 F.3d 1276, 1288 (7th Cir. 1995). The Seventh Circuit has endorsed this approach as a practical way of eliminating excess in a request for fees. Id. Defendant contends that plaintiffs cannot justify a request for more than ten hours because the cases did not require discovery or motion practice and were largely identical to another case, Andrews, et al. v. Chevy Chase Bank FSB, ___ F. Supp. 2d ___, 2010 WL 1544163 (E.D. Wis. Mar. 12, 2010) ("Andrews").

To a certain extent, I agree with defendants. Although plaintiffs' counsel did correspond with plaintiffs over three years and had to engage in some negotiation on plaintiffs' behalf, 62.75 hours for these tasks seems somewhat excessive. Therefore, at the outset, I will reduce the number of hours for which plaintiff may be reimbursed by 10. Defendant also objects to several specific claimed outlays of time, including 6.5 hours for work on a stipulation to stay and consolidate, which defendant drafted, 2.75 hours for communicating with members of the Andrews class and 4.5 hours for unspecified

research. I will reduce the 6.5 hours for work on the stipulation by 3.5 hours and eliminate the 2.75 hours for communicating with members of the Andrews class as unnecessary, and the 4.5 hours for research as insufficiently explained.

After the reductions, plaintiffs are entitled to reimbursement for 42 hours. Multiplying $350 per hours yields a lodestar of $14,700. I may adjust the fee upward or downward based on a variety of factors, the most important of which is the results obtained. Hensley, 461 U.S. at 434. Plaintiffs contend that I should award fees in excess of the lodestar to reflect their fee agreements. Under such agreements, plaintiffs' counsel were to receive the higher of either (1) their hourly fees plus costs or (2) forty percent of the reduction in plaintiffs' mortgage obligations. The settlements resulted in a combined $150,057.49 in mortgage reductions, of which forty percent is $60,023. Thus, plaintiffs request $60,023 in fees.

However, plaintiffs do not establish that a fee award in this amount reflects the market rate or is otherwise reasonable. Therefore, I decline to adjust the lodestar. Fee shifting

> contemplates reasonable compensation, in light of all of the circumstances, for the time and effort expended by the attorney for the prevailing plaintiff, no more and no less. Should a fee agreement provide less than a reasonable fee calculated in this manner, the defendant should nevertheless be required to pay the higher amount. The defendant is not, however, required to pay the amount called for in a contingent-fee contract if it is more than a reasonable fee calculated in the usual way.

Blanchard v. Bergeron, 489 U.S. 87, 94 (U.S. 1989).

Therefore, for the reasons stated,

**IT IS ORDERED** that the motion for an award of costs and attorney fees is **GRANTED** and that the plaintiffs are awarded a fee in the amount of **$14,700** and costs in the amount of **$790**, for a total of **$15,490**.

Dated at Milwaukee, Wisconsin this 17 day of August, 2010.

/s_____
LYNN ADELMAN
District Judge